IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM LEE GRANT, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 19-0227-CG-MU |
| | ) |
| GREGORY K. HARRIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On May 6, 2019, Plaintiff William Lee Grant, II, filed a *pro se* Complaint against Defendants Gregory K. Harris and the Joint Chiefs of Staff asserting a number of rambling and for the most part unintelligible claims. (Doc. 1). Plaintiff also filed a Motion to Proceed Without Prepayment of Fees. (Doc. 2). Plaintiff's motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72(a)(2)(S) for appropriate action. For the reasons stated below, the Court recommends that Plaintiff's motion to proceed without prepayment of fees be **DENIED** and that the complaint be **DISMISSED with prejudice.**

## BACKGROUND

Plaintiff is a *pro se* litigant who resides in Springfield, Illinois and is a "frequent filer of frivolous litigation in federal courts throughout the country." *Grant v. Harris*, No. 5:19-CV-24, 2019 WL 1510008, at *1 (W.D. Va. Apr. 5, 2019) (citing *Grant v. U.S. Dep't of the Treasury*, No. 6:18-CV-291, 2018 WL 3748415 (E.D. Tex. June 25, 2018)); *see also Grant v. U.S. Dep't of Def.,* No. 4:18-CV-00443-ALM-CAN, 2019 WL 1009405, at *1 (E.D. Tex. Jan. 25, 2019), *report and recommendation adopted*, 2019 WL 1003642

(Mar. 1, 2019) ("the vast majority of [P]laintiff's cases have been dismissed as frivolous under 28 U.S.C. § 1915(e)); *Grant v. U.S.,* 129 Fed. Cl. 790, 793 (Jan. 17, 2017) ("Mr. Grant has brought strikingly similar claims in other federal courts that were found to be frivolous and dismissed."). After an unsuccessful claim in the federal courts in Illinois, Plaintiff has brought this claim in "at least 17 different district courts around the country." *Grant v. Harris*, Case No. 5:19-cv-00350-JSM-PRL, 2019 WL 3867544, at *3 (M.D. Fla. July 31, 2019), *report and recommendation adopted*, 2019 WL 3857994 (Aug. 16, 2019). Here, as in other cases, he asserts claims arising from alleged employment discrimination and retaliation when he was employed with the Illinois Department of Transportation after he filed a civil rights complaint and an ethics complaint in 2012. (Doc. 1 at p.1). He has also attached a previously filed complaint and other documents to his complaint which set forth numerous allegations against various public figures which seem to have no bearing on the employment allegations but seem to advance a convoluted conspiracy theory which he refers to as "Operation: Hometown Glory." (*Id*. at pp. 3-23).

## **ANALYSIS**

Authority for granting a plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint). Section 1915(e)(2) of the United States Code provides that, in a civil action in which the plaintiff is proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). When faced with a motion to proceed *in forma pauperis,* "the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Dycus v. Astrue*, No. CA 08-0727-KD-C, 2009 WL 47497, at *1 (S.D. Ala. Jan. 7, 2009) (quoting *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997)); *see also Payton v. Sec'y, Dep't of Homeland Sec.,* Case No.: 6:17-cv-812-Orl-18DCI, 2017 WL 2537253, at *1 (M.D. Fla. June 8, 2017). A claim is "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Plaintiff is advised that although "[t]he *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system," *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997), this statutorily-created opportunity to "proceed[] IFP in a civil case is a privilege, not a right—fundamental or otherwise," *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 211 (2007), and is not "a broad highway into the federal courts," *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Wide

discretion is granted to a district court in denying a request to proceed *in forma pauperis* under 28 U.S.C. § 1915. *Pace v. Evans,* 709 F.2d 1428, 1429 (11th Cir. 1983); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2007) (applying 28 U.S.C. § 1915 to all civil actions).

On May 6, 2019, Plaintiff filed a *pro se* complaint in this Court against Gregory K. Harris, who he alleges is an Assistant United States Attorney in Illinois, and the Joint Chiefs of Staff. Although he alleges allegations seemingly arising from his employment with the Illinois Department of Transportation, he does not name anyone associated with that employment as a defendant. (Doc. 1). Accordingly, any claims arising from his employment are due to be dismissed for failing to state a claim upon which relief can be granted. Moreover, it is clear from the complaint that the actions complained of did not occur in this district or in the state of Alabama and, indeed, have no nexus whatsoever with the state of Alabama. With regard to the named defendants, Plaintiff's complaint here, as in the other cases filed throughout the country, lists a litany of nonsensical claims against Harris, including allegations that Harris left the Pentagon in the early 1990s to coordinate "Operation: Hometown Glory" through the U.S. Attorney's office in Springfield, Illinois, that he conducted more than twenty-five years of illegal surveillance on Plaintiff, and that he undermined Plaintiff's legal defense in several criminal actions. (*Id*. at p.7). Plaintiff also again alleges in his complaint here that the Joint Chiefs of Staff "'dropped off' [Plaintiff] in Springfield, Illinois with Dr. Bill Grant and Armenta Johnson to be beaten and endure psychological torture" in the early 1990's. (*Id.*).

The Court's *sua sponte* review of the complaint reveals that it is due to be dismissed, pursuant to 28 U.S.C. § 1915(e)(2).[1] Even a liberal review of Plaintiff's allegations and legal claims reveals that the complaint is frivolous and fails to state a claim upon which relief can be granted. Plaintiff fails to set forth what specific federal law his claims are based upon, fails to link the various attachments to one another, fails to link any named defendant to the majority of the allegations, and fails to link the allegations to any particular viable cause of action. In addition, the complaint further fails to state a claim because it presents no discernable basis for personal jurisdiction or venue in this District. Pursuant to 28 U.S.C. § 1391(b), venue is only proper in the judicial district in which any defendant resides, where a substantial part of the events or omissions giving rise to the claim occurred, or where any defendant may be subject to the court's personal jurisdiction with respect to such an action. In addition, with respect to an agency of the United States, venue is proper in any judicial district where a defendant in the action resides, where a substantial part of the events giving rise to the claim occurred, or where the plaintiff resides. 28 U.S.C. § 1391(e)(1). Plaintiff is a resident of Illinois, Defendant Harris is alleged to be a resident of Illinois, Plaintiff does not allege any events giving rise to his claims that occurred in Alabama, and Plaintiff does not allege any facts which would support the exercise of personal jurisdiction over any defendant in this district. Accordingly, venue is clearly not and could not be proper in this Court.

---

[1] Because the Court finds that the complaint is frivolous and fails to state a claim upon which relief can be granted, the Court has not addressed whether Plaintiff is unable to pay the costs of commencing this action.

## CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's motion to proceed without prepayment of fees be **DENIED** and that the complaint be **DISMISSED with prejudice.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **9th** day of **October, 2019**.

s/P. BRADLEY MURRAY  
UNITED STATES MAGISTRATE JUDGE